UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CR-0080-CVE |
| | ) | |
| KEENAN DANCELL VERNER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the Motion in Limine and For Bifurcation of Trial (Dkt. ## 22, 23).  In

the Indictment (Dkt. # 11), defendant Keenan Verner ("Verner") is charged with possession with

intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) [Count

One]; possession with intent to distribute marijuana in violation of  21 U.S.C. §§ 841(a)(1) and

(b)(1)(D) [Count Two]; possession of a firearm in furtherance of a drug trafficking crime in violation

of 18 U.S.C. § 924(c)(1)(A) [Count Three]; and possession of a firearm after former felony

conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Count Four]. Verner requests that

the Court exclude evidence of the defendant's former felony conviction from trial on Counts One

through Three and bifurcate the trial with regard to Count Four.

**I.**

As a preliminary matter, the Court notes that defendant's motion is untimely.  Counsel for

defendant, Shannon McMurray, was appointed to represent defendant on May 4, 2007.  See Dkt. #

2. Defendant was arraigned on May 24, 2007.  See Dkt. # 14.  The Court then entered a standard

scheduling order on May 25, 2007.  Dkt. # 16.  Each standard scheduling order contains a motion

deadline, response deadline, pretrial conference/motions hearing date, and jury trial date. The Court

sets motions and response deadlines so that it can hear all pretrial motions at the pretrial conference. Here, the motion deadline was June 8, 2007, and the pretrial conference was set for June 27, 2007. See Dkt. # 16.  Defendant filed no motions before June 8, 2007, and the Court conducted the pretrial conference as scheduled.  Defendant filed the pending motions on July 12, 2007, and the motions contain no explanation why counsel was unable to comply with the Court-imposed deadlines. Absent exceptional circumstances, the Court will not entertain a motion filed on the eve of trial and well after the motion deadline.

## II.

Further, regardless of the untimeliness of the motion, the Court finds that the motion should be and is hereby denied.  The Tenth Circuit has consistently upheld joinder of multiple counts in a single trial when a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes.  See, e.g., United States v. Jones, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (felon in possession and robbery); United States v. Cox, 934 F.2d 1114, 1119-20 (10th Cir. 1991) (felon in possession and drugs).   Joinder of the firearm and status offenses with the substantive drug crimes is appropriate under Fed. R. Crim. P. 8(a), which provides that "[t]wo or more offenses may be charged in the same indictment . . . in a separate count for each offense if the offenses charges . . . are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."  Here, the felon in possession of a firearm and ammunition charge arises from the same transaction as the drug charges in Counts One through Three.

It is within the sound discretion of the trial court to determine whether counts should be severed pursuant to Fed. R. Crim. P. 14 if the defendant will be prejudiced by the joinder.  The

2

Tenth Circuit in <u>United States v. Valentine</u>, 706 F.2d 282, 290 (10th Cir. 1983), found persuasive a Third Circuit guideline that "severance should be granted where evidence of the prior conviction would be admissible on one or more counts but inadmissible on others." However, in that case involving the joinder of substantive drug offenses with firearms status crimes, the <u>Valentine</u> court nonetheless declined to follow the Third Circuit guideline. Here, the Court finds that, as in <u>Jones</u>, <u>Cox</u>, and <u>Valentine</u>, prejudice to defendant does not require the severance of Count Four from Counts One through Three. Any prejudice to defendant from references to his criminal history will be substantially minimized if defendant stipulates to his status as a former felon and if the Court includes a limiting instruction directing the jurors to consider each count separately.

Rather than sever the counts, defendant urges the Court to bifurcate the case such that the jury would hear the evidence and deliberate on the felon in possession count after it hears evidence and deliberates on the other counts, as the district court did in <u>United States v. Joshua</u>, 976 F.2d 844, 848 (3d Cir. 1992) (abrogated on other grounds by <u>Stinson v. United States</u>, 508 U.S. 36 (1993)). The Third Circuit concluded that the bifurcation procedure "strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy." <u>Id.</u> It explained, "[t]he defendant's criminal past is not made known to the jury until after they have reached a verdict with respect to the other charges. At the same time, this procedure is considerably more efficient than conducting an entire new jury trial on the weapon possession charge at a later date." <u>Id.</u> The Court acknowledges that bifurcation conserves judicial resources better than severance because bifurcation does not require empaneling a new jury or conducting a wholly separate trial. Further, bifurcation prevents the jury from considering defendant's status as a convicted felon in deliberating as to Counts One through Three. Bifurcation is not the only means

to minimize prejudice to defendant, however.  As discussed above, prejudice to defendant can be minimized through a stipulation as to defendant's former felon status and the Court's inclusion of a limiting instruction to the jury.  See United States v. Nguyen, 88 F.3d 812, 815-16 (9th Cir. 1996) (noting that, to prevent the jury from improperly considering the evidence of a prior conviction when deliberating about the other felony charges, various courts have used severance of the counts, bifurcation of the trial to separate the felon in possession count from the other counts, or stipulation to the prior felony so that the jury does not hear about the prior bad act).  Given the availability of other means of minimizing prejudice to defendant, the Court denies defendant's motion to bifurcate the trial.

### III.

Finally, the Court finds that the  motion in limine to exclude references to defendant's criminal convictions at trial should be granted in part.[1]  To the extent that defendant stipulates to his status as a former felon, the nature of the former felonies is irrelevant and highly prejudicial.  Thus, the Court will redact from the Indictment specific references to defendant's prior criminal history with respect to Count Four.  Further, with respect to Counts One through Three, the Court finds that any evidence of or references to defendant's criminal history should be excluded unless such evidence is properly admitted pursuant to the Federal Rules of Evidence.

### IV.

---

[1]      The Court grants in part the motion in limine even though it was filed on the eve of trial because the Court would exclude overly prejudicial references to defendant's prior criminal history regardless of whether defendant filed a motion.  The motion in limine is, therefore, superfluous.

**IT IS THEREFORE ORDERED** that the Motion for Bifurcation of Trial (Dkt. # 23) is hereby **denied**.

**IT IS FURTHER ORDERED** that the Motion in Limine (Dkt. # 22) is **granted in part** insofar as evidence of defendant's prior convictions will not be admissible as to Counts One through Three unless such evidence is properly admitted pursuant to the Federal Rules of Evidence, and references to the specific prior convictions will be redacted from the Indictment.

**DATED** this 17th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT